## SMITH & al. versus DAVIS.

Rule 18 of the Court, requires pleas in abatement to be filed, within the first
two days after entry of the action.

*Motions,* for causes which might be presented by pleas in abatement, are
restricted to the same limitation.

Where a petition for review is entered before the service, a motion to quash
for want of an indorser, must be made within the first two days of the term
next after notice to the respondent, or such an objection will be considered
as waived.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.
PETITION FOR REVIEW.

The petitioners were not inhabitants of this State, and
the petition was not indorsed before entry, which was at
October term, 1851, order of notice granted October term,
1852, served November 24, 1852, and proved on the 6th
day of the January term, 1853.

On the 48th day of the term, a motion in writing was
filed to quash the proceedings for want of an indorser, as
required by statute applicable to this case. The motion
was overruled, and prayer of the petition granted; and the
respondent excepted.

*Cutting,* for respondent.

*Rowe & Bartlett,* for petitioners.

1. Rule 18, page 25, requires pleas in abatement to be filed within the first two days of the return term.

2. A motion to quash a writ must be made, generally, within the time limited for filing pleas in abatement. *Maine Bank* v. *Hervey*, 21 Maine, 38; *Trafton* v. *Rogers*, 13 Maine, 315.

Defect arising from want of indorser, is considered to be cured, if not taken advantage of within that time. *Clapp* v. *Balch*, 3 Maine, 216.

3. It is only where it is apparent on the record, that the Court has not jurisdiction, that the writ or process will abate on motion. *Upham* v. *Bradley*, 17 Maine, 423.

SHEPLEY, C. J. — The statute requires, that petitions for review should be indorsed. c. 114 § 16. The eighteenth rule of the court requires that pleas in abatement should be filed within two days after entry of the action. Motions for causes presentable by plea in abatement, have been considered as subject to the same rule, the Court having regard to the substance rather than the form, in which the objection is presented. *Clapp* v. *Balch*, 3 Greenl. 216; *Trafton* v. *Rogers*, 13 Maine, 315; *Maine Bank* v. *Hervey*, 21 Maine, 38.

Such a motion would seem to be considered in Massachusetts as made in season, if made during the first term. *Carpenter* v. *Aldrich*, 3 Met. 58. It does not appear that any rule of that court required that it should be made at an earlier time.

When a petition for review is entered before service, the respondent must be entitled to the same opportunity after he is required to appear, as he would have in case of a precept served before entry, but he cannot be entitled to greater indulgence. There is a difference between the present and the former statute respecting the time when an indorsement should be made; but that affords no cause for a change or disregard of the rule respecting the time when advantage should be taken of the omission. The party is considered

as having waived the privilege secured to him by the stat-
ute.                                        *Exceptions overruled.*

TENNEY, WELLS, HOWARD and RICE, J. J., concurred.